IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| VINNY J. SCARNICI, Plaintiff, | ) ) ) ) | Case No. |
| v. | ) ) ) | |
| TOWN OF PITTSBURG, Defendant. | ) ) ) ) | |

## COMPLAINT - DEMAND FOR JURY TRIAL

The plaintiff, Vinny J. Scarnici, hereby files this Complaint against defendant Town of Pittsburg, and alleges as follows:

### Parties

1. The plaintiff, Vinny J. Scarnici ("Scarnici"), is an individual residing at 2448 North Main Street, Pittsburg, Coos County, New Hampshire.

2. The defendant, Town of Pittsburg ("Town") is a municipal corporation, with principal office addresses of 1526 Main Street, Pittsburg, NH 03592.

### Jurisdiction and Venue

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b), as the plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. §207, arises under federal law.

4. The Court has jurisdiction over the other counts of plaintiff' complaint pursuant to 28 U.S.C. § 1367.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1) as the defendants' principal place of business is in New Hampshire.

**Facts**

6.  On or about January 6, 2014, the Plaintiff Scarnici was hired by the Town of Pittsburg as a part-time police officer.

7.  On January 7, 2014, Scarnici was notified that his rate of pay would be $13.71 per hour.

8.  At all times relevant, the Town employed five (5) or more police officers in its police department.

9.  As part of his duties, the Town required Scarnici to attend the New Hampshire Police Academy.

10. On May 15, 2014, the Town paid Scarnici for his time at the Academy. Instead of paying Scarnici his hourly rate for his hours spent at the Academy, which exceeded 520 hours over the three months of training, Scarnici was paid a total of $750.00 for the entire three months of time worked during the training at the Academy.

11. On May 9, 2014, Scarnici began on active duty with the Town as a part-time police officer, and continues in this position to the present day.

12. On March 10, 2015, Scarnici also became the Road Agent for the Town, and has also been employed in that capacity through the present day.

13. While Scarnici was employed in both capacities, the Town routinely and on multiple occasions:

    a. Did not pay Scarnici for hours worked;

    b. Paid Scarnici a flat fee for hours worked which was lower than his annual rate, and at times lower than an effective rate of the minimum wage; and

    c. Did not pay Scarnici time-and-one-half for overtime worked.

14. Through the present, Scarnici has not been paid for time worked, and over time worked.

## **CLAIMS FOR RELIEF**

### Count I – Violation of the Fair Labor Standards Act of 1938

15. The plaintiff reallegess and reassertss the allegations of each preceding paragraph as if fully set forth herein.

16. At all times material herein, the plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

17. The FLSA regulates, among other things, the payment of overtime pay by employers whose employers are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

18. The FLSA also regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

19. The Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and its employees are engaged in commerce.

20. The Defendants violated the FLSA by failing to pay all minimum wage and overtime wages due to the Plaintiff, failing to property calculate Plaintiff's regular rate or pay for determining the overtime premium pay owed, and improperly deducting money from Plaintiff' pay.

21. As to the Defendants, Plaintiff is entitled to damages equal to the mandated minimum wage and overtime premium pay because Defendant The Town acted willfully and knew or showed reckless disregard in their violation of the FLSA.

22. Pursuant to the Defendants' policies and practices, the Defendants willfully violated the FLSA by refusing and failing to pay the Plaintiff's overtime and minimum wages.

23. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiff overtime compensation, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

24. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld from Plaintiff by the Defendants. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

25. Plaintiff requests relief as described below and as permitted by law.

## Count II – Breach of Contract and Duty of Good Faith and Fair Dealing

26. The plaintiff reallegess and reassertss the allegations of each preceding paragraph as if fully set forth herein.

27. The Town had a contract with Scarnici by which Scarnici was employed by the Town.

28. Implicit in every contract is the duty of good faith and fair dealing.

29. By the actions as described herein, the Town breached its contract and the duty of good faith and fair dealing to Scarnici. These actions included, but are not limited to taking the benefit of Scarnici working as an employee, without compensating his commensurate with other employees, and as required by law, including paying his for overtime, vacation, sick time, personal days, holidays, Raises, and bonuses, Employer side FICA contributions (self employment taxes), Health Insurance Coverage, Short term and long term disability coverage, 401k contributions and participation and/or ERISA-plan contributions and participation, workers' compensation coverage, unemployment coverage, family and medical leave, and other benefits of employment.
30. As a direct and proximate result of The Town's violation of its duty of good faith and fair dealing, Scarnici has suffered damage, and is entitled to an award in the amount of his damages.

## Count III – Unjust Enrichment and Quantum Meruit

31. The plaintiff realleges and reasserts the allegations of each preceding paragraph as if fully set forth herein.
32. Scarnici provided services and value to The Town.
33. The Town did not appropriately or lawfully compensate Scarnici for his efforts, or for the value or services that she provided to The Town.
34. The appropriate value of Mr. Scarnici's services and labor is the amount a similarly situated employee would be compensated, including all of the benefits that such an employee would have received.
35. By its actions as described herein, The Town benefitted from, and was unjustly enriched by the labor of Scarnici. These actions included, but are not limited to taking the benefit

of Scarnici working as an employee, without compensating his commensurate with other employees, and as required by law, including paying his for overtime, vacation, sick time, personal days, holidays, Raises, and bonuses, Employer side FICA contributions (self employment taxes), Health Insurance Coverage, Short term and long term disability coverage, 401k contributions and participation and/or ERISA-plan contributions and participation, workers' compensation coverage, unemployment coverage, family and medical leave, and other benefits of employment.

36. As a direct and proximate result of The Town's unjust enrichment, Scarnici is entitled to an award of his damages in an amount equal to the amount by which The Town was unjustly enriched, on a theory of either unjust enrichment and/or quantum meruit.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests the Court enter judgment for the Plaintiff, and in favor of plaintiff:

a. Award damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

b. Award liquidated damages under 29 U.S.C. § 216(b);

c. Award reasonable attorneys' fees under the Fair Labor Standards Act;

d. Award costs of suit under 29 U.S.C. § 216(b);

e. Award pre-judgment interest;

f. Award damages including wages or other compensation owed; and

g. Grant any further relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

The Plaintiff,

VINNY J. SCARNICI,
By his attorneys,

Dated: 05/09/2017

By: /s/ Christopher T. Meier
Christopher T. Meier, NH Bar 17135
COOPER CARGILL CHANT, P.A.
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel: (603) 356-5439
Fax: (603) 356-7975
Email: cmeier@coopercargillchant.com